HILL, Senior Circuit Judge,
specially concurring:
As the appellant government concedes, seven other circuits to consider this issue have either held or indicated, without expressly deciding, in appellee Walker’s favor. We are impressed by the judgments of our sister circuits. The judges in those circuits have obviously given careful attention to the issue.
In this case, in 1995, the time of his original federal sentencing, Walker stood convicted of the 1979 voluntary manslaughter. He had long since served his time for this offense. Yet, as the government ably points out, in 1998, his state court collateral attack upon a nineteen-year old state manslaughter sentence was not contested by the state executives at hearing. The prosecutor showed no interest in the matter. The Assistant United States Attorney, representing the Chief Executive, the only real interested party, had no standing to appear and contest.
In reality, the 1998 evidentiary hearing on the plea colloquy was purely an uncontested proceeding, brought for no purpose other than to have an effect upon the United States Government’s interest in seeing to the faithful execution of federal law. The trend in recent years has been to remove the federal judge as a participant in determining federal sentences. The application of Congressionally mandated Sentencing Guidelines provide mathematically computed sentences; charging discretion in prosecutors may well fix a sentence before indictment. The rule we follow here removes the entire federal establishment from the fixing of federal sentences for repeat miscreants. A local attorney for a federal defendant can appear before a state jurist, not counseled by the state prosecutor, whose interest in a nineteen-year old case is at an end, and (presto!) obtain a reduction in a federal sentence.
Our sister circuits reach this result from their reading of the dictum in the opinion of the Supreme Court in Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). There, the Court held that a collateral attack on a prior state conviction could not be maintained in federal sentencing proceedings, but obiter dicta, remarked that “[i]f Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.” Id. at 1739.
By observing that the attack could be brought then, the Court has persuaded seven (now eight) circuit courts of appeal that the Court said that the defendant’s right to bring the attack equaled winning it. I am not so sure of my reading to champion it in the face of such institutional uniformity. If the Supreme Court did *815 not intend what these courts of appeal feel that it did, the Court can correct that.
So we now join in putting the imprimatur of the federal judiciary upon this delegation of sentencing authority to such arrangements as may be arrived at between a defendant’s new lawyer and a state judge looking at a stale proceeding. With this said, I join in the opinion, ruefully and with great reluctance.